GEORGE, Plaintiff-Appellant, v YOUNGSTOWN MUNICIPAL RAILWAY CO., Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3113. Decided April 30th, 1946.

John Ruffalo, Youngstown, for plaintiff-appellant.

Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff and a boy aged eight years, who was in plaintiff's care and custody, boarded a bus of defendant corporation, a common carrier of passengers for hire, at the intersection of East Federal and Watt Streets, within the corporate limits of the city of Youngstown, Ohio. Plaintiff tendered his weekly pass in payment of his own fare. A rule of defendant company provided for payment of fare for children over six years of age. Upon demand plaintiff refused to pay a fare for the boy and a dispute thereover arose between him and the bus operator, the evidence concerning the extent of which is conflicting and contradictory. Plaintiff's evidence is that the bus operator told him where to sit in the bus and when and where to alight therefrom; that the bus stopped in front of the library situated on the northerly side of the public square, and that the operator said to him "come on with me, and I will take you over to the inspector and settle this thing"; that the bus driver, the plaintiff and the boy alighted from the bus at that place. The undisputed evidence is that the inspector was stationed in a shanty situated on the southerly side of the public square, a short distance west of the library. The evidence of defendant discloses that plaintiff and the boy voluntarily alighted

from the bus in front of the Stambaugh Building, approximately three blocks west of the place where he and the boy boarded the bus, and a short distance east of the library; that as plaintiff alighted from the bus he said to the bus driver "I am going over to see the boss and have you fired"; that the bus driver "went over there to defend myself (himself) of anything." There is evidence that there was some discussion of the matter of payment of the boy's fare with the Company's supervisor at such shanty. The bus driver said that plaintiff paid no fare for the boy and the supervisor was not sure whether he had, but counsel for defendant admitted for the purpose of the record that plaintiff paid the boy's fare. Plaintiff claims, and he so testified, that he paid the boy's fare to the bus driver, settled the dispute, took the boy by the hand, started to walk west and took three or four steps in a westerly direction on the southerly sidewalk of the public square, a duly dedicated public thoroughfare of the city of Youngstown, when the bus driver struck him twice, and he "fell down right on the ground and if an automobile was pass I get killed," which indicated that he traveled sufficiently far to reach the vehicular traveled portion of a street undisclosed by the record.

On cross examination plaintiff testified inter alia as follows:

"Q. And then when the supervisor said you would have to pay the fare, you paid the fare to the bus driver?

"A. That is right.

"Q. So then when you paid the fare you thought everything was all over?

"A. That is right.

"Q. So that everything as far as you were concerned was all over?

"A. Yes, that is right."

The bus driver admitted that he struck plaintiff after he called him a vile name, which he repeated when the bus driver said to him "say it again," and one of plaintiff's witnesses testified that plaintiff called the bus driver a damn Southerner.

Plaintiff sued defendant to recover damages for injuries sustained by reason of such assault and battery claiming the relationship of passenger and carrier at the time thereof, and the jury returned a verdict for the defendant, upon which the trial judge entered judgment. From that judgment plaintiff appealed to this court on questions of law.

Viewing this case as we do we believe it is immaterial whether the trial judge erred in any of the respects urged by counsel in his brief or assigned grounds of error, and therefore we do not recite or pass upon the grounds of error upon which plaintiff relies to secure a reversal of the judgment of the court of common pleas or any of the contentions set forth in the brief of his counsel.

In accordance with the provisions of §12223-21 (a) GC, defendant filed assignments of error in which he claimed that "the Trial Court was in error in refusing to sustain the motion made by defendant-appellee for judgment on the pleadings and opening statement of counsel, and the Trial Court was in error in failing to sustain the motion of defendant-appellee made at the close of all the evidence for a directed verdict in favor of defendant."

It appears to be the settled law of Ohio that "when a person having in charge a child, of sufficient age to require payment of fare, takes passage on the railroad, such person becomes liable for the payment of the child's fare, and upon refusal to pay, both may be ejected from the train at the next station" upon tender by the carrier to the person in charge of the child the unused portion of his fare, which was unnecessary in this case since plaintiff retained his pass. See **Railroad Company v Orndorff, 55 Oh St 589.**

In the instant case it is observed that the bus driver did not and did not attempt to eject or order plaintiff and the boy from the bus. On the contrary the bus driver permitted both to ride either to the Stambaugh Building or the public library.

If the bus driver assaulted plaintiff "in the course of transportation" the defendant would be liable. However, we believe in this case that words of provocation addressed to the bus driver would not justify him in striking plaintiff. See **Korner et al., d. b. a. C. H. Korner & Son, v Cosgrove, 108 Oh St 484.** At the time the assault and battery was committed upon plaintiff the required fare admittedly had been paid by him, and it is the conclusion of a majority of this court that the evidence discloses that at that time the relationship of passenger and carrier and any other contractual relationship between the parties had ceased, and that plaintiff was not struck "in the course of transportation." If the bus driver had struck the plaintiff prior to the payment of the required fare or while the bus driver, the plaintiff and the boy were enroute to the supervisor's shanty to settle the dispute a different question might have been presented, upon which we need not pass.

In this case the undisputed evidence is that plaintiff had left the shanty when struck. See Fornoff v Columbia Taxicab Co., 162 S. W. 699.

"The fact alone that a motorman of a street car is charged by his employer with the duty of asking for names and addresses of persons on the street and near the car when there is an accident which affects the car or its passengers, and reporting the same to the company, does not impose upon the street car company a liability to respond in damages for a personal assault committed by the motorman on any such person, in connection with the performance of that duty, when the person assaulted has no contractual relation with the street car company." **Cleveland Ry. Co. v Huntington, 119 Oh St 518.**

Since we hold that under the facts disclosed by the record in this case the contractual relationship of passenger and carrier did not exist at the time the assault and battery was committed plaintiff is not entitled to recover in this case. If plaintiff has any cause of action for damages in our judgment such action is not available to plaintiff as against defendant.

Many of the cases cited by counsel for the respective parties can be distinguished from the instant case, but we can not distinguish them and keep the length of this opinion within reasonable bounds.

Considering the evidence and the state of the record as it existed at the conclusion of all the evidence and in view of what has been said in this opinion the conclusion is reached that the trial judge should have sustained defendant's motion for a directed verdict made at the conclusion of all the evidence. However since the case was submitted to the jury which returned a verdict in favor of the defendant upon which the trial judge entered judgment we have concluded that we should affirm the judgment of the trial court.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, dissents.   CARTER, J, concurs.